UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA,       )
                                )
        Plaintiff,              )
                                )         No. 6:19-CR-63-REW-HAI
v.                              )
                                )         RECOMMENDED DISPOSITION
REX DOANE,                      )              & ORDER
                                )
        Defendant.              )


*** *** *** ***


The Court herein recommends denial of postconviction relief as to federal prisoner Rex Doane. The Court recognizes that Doane is proceeding *pro se*, without the assistance of an attorney. The Court construes *pro se* motions more leniently than motions prepared by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

In December 2019, Doane pleaded guilty to one count of production of child pornography. D.E. 26. His plea agreement waived the right to appeal the plea and conviction, but reserved the right to appeal the sentence. D.E. 26 at 3. He also waived the right to collaterally attack the guilty plea, conviction, and sentence, except for claims of ineffective assistance of counsel. *Id*. Judgment was entered June 8, 2020, imposing 292 months' imprisonment. D.E. 58.

On June 14, 2021, the Court received from Doane a *pro se* "Motion for Leave to File for 28 U.S.C. 2255 Relief, Or in the Alternative, Motion for Relief from Judgement Under Federal Rule of Civil Procedure 60(b)(6)" (D.E. 87) and a duplicate (D.E. 88).

The Court entered an Order on Doane's Motion on June 21, 2021. D.E. 90. First, the Court observed that Federal Rule of Civil Procedure 60 would not apply in this criminal case. *Id*. at 1.

The Court thus evaluated the motion under 28 U.S.C. § 2255. The Court observed that, construed as a motion seeking § 2255 relief, the filing was timely:

> [Section 2255] provides that the limitation period begins to run from the latest of four specified dates. One of the events that triggers the one-year deadline is "the date on which the judgment of conviction becomes final." Id. § 2255(f)(1).
>
> Here, judgment was entered on June 8, 2020. D.E. 58. Federal Rule of Appellate Procedure 4(b)(1)(A) provides fourteen days after entry of judgment to file a notice of appeal. This period expired on June 22, 2020, with no appeal of the conviction or sentence. June 22, 2020, is thus the date upon which Doane's conviction became final and his one-year habeas statute of limitations began to run. 28 U.S.C. § 2255(f)(1). That deadline will not expire until June 22, 2021.
>
> Doane's motion (see D.E. 88 at 3) was filed under the mailbox rule on June 6, 2021. **The Court construes it as a timely motion under § 2255 that tolls the one-year deadline.** Doane need not worry about extending or tolling the deadline or relying on the discovery of new evidence to trigger the one-year statute of limitations.

*Id.* at 1-2.

Although the Motion, so construed, appeared timely, the Court found the request for postconviction relief could not move forward as it existed at that time:

> As it stands, Doane's motion does not comply with Rule 2(b)(5) or Rule 2(c) of the Rules Governing Section 2255 Proceedings. First, Doane did not sign his petition under penalty of perjury, as required by Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings. *See* Rule 2(b)(5) ("The motion must: be signed under penalty of perjury by the movant or a person authorized to sign it for the movant."). Second, the motion does not substantially follow the section 2255 form as required by Rule 2(c). *See* Rule 2(c) ("The motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule.") Before the Court will consider his section 2255 motion or before it orders a response from the United States, Doane must correct these flaws, and he will have an opportunity to do so.

D.E. 90 at 2.

The Court accordingly ordered the clerk's office to send Doane a copy of the Motion and "a standard form (AO-243) for requesting section 2255 relief." D.E. 90 at 4. Doane was ordered

to "submit his corrected motion, if any (and any accompanying memorandum or brief), by **Monday, July 26, 2021**," at which point the Court would screen Doane's § 2255 motion. *Id*.

The Court also further explained the next steps Doane needed to undertake:

> Doane has indicated he intends to file an additional brief. D.E. 88 at 2. He is welcome to append a brief or memorandum to his § 2255 form. In drafting his brief, Doane should keep in mind the requirements of Rule 2 of the Rules Governing Section 2255 Proceedings, including that the motion must *specify* all grounds for relief and the facts supporting each ground.

> Doane's motion identifies several Rules of Professional Conduct that he alleges defense counsel "failed to adhere to." D.E. 88 at 6. Because these claims lack any factual development, they are not properly raised. Doane should keep in mind that ineffective-assistance claims are judged under the standard of deficient performance and prejudice as described in *Strickland v. Washington*, 466 U.S. 668 (1984), not the Rules of Professional Conduct.

D.E. 90 at 3. The Court also commented on the allegations of ineffective assistance of counsel ("IAC") that Doane mentioned in his Motion and warned that he "may not raise additional claims without explaining why these claims were not included in his currently pending motion." *Id*. The Court explained, "To obtain relief on the merits, Doane's task is to explain precisely how his attorney's performance was deficient and how the proceedings would have gone differently if counsel had performed adequately. These are factual matters about which Doane should have first-hand knowledge." *Id*. at 4.

**The Court never received a § 2255 form and memorandum from Doane**. Instead, on June 6, 2022, Doane filed a motion for compassionate release (D.E. 92), which District Judge Wier ultimately denied on November 8, 2022 (D.E. 102). On May 23, 2024, Doane filed a motion to reduce his sentence (D.E. 103), which District Judge Wier denied the same day (D.E. 104). From the Court's point of view, it appeared that Doane had elected to pursue compassionate relief and §

3582 sentence reduction rather than § 2255 relief.  In other words, Doane's gesture toward filing a § 2255 petition appeared to have been abandoned.

On June 22, 2026, Doane filed an unexpected motion.  It is titled a Request for Certificate of Appealability.  And it appears to relate to Doane's 2021 attempt to obtain postconviction relief under § 2255.  D.E. 105.  This motion comes five years after Doane's *pro se* motion for leave to file a § 2255 petition (D.E. 87, 88, 90), three-and-a-half years after the denial of compassionate release, and two years after the denial of his sentence-reduction motion.

Doane's new motion contains an inaccurate recitation of the procedural history.  According to the motion, following Doane's unsuccessful direct appeal of his sentence, "Defense Counsel requested an extension of time to file a 2255 without the knowledge of the Defendant.  Shortly thereafter, defense counsel withdrew from the case and no action was ever taken with respect to the 2255."  D.E. 105 at 1.

To the contrary, it was Doane, acting *pro se*, who moved for leave file a § 2255 petition and memorandum.  D.E. 87, 88.  Defense counsel Edwards had nothing to do with Doane's § 2255 filings.  This is to be expected, given that Doane was asserting ineffective assistance by Mr. Edwards.  *Id*.

Doane's new motion requests a Certificate of Appealability concerning the "denial" of his § 2255 motion.  D.E. 105 at 2.  To be clear, again, the Court has never received a § 2255 motion from Doane.  The closest thing in the record was Doane's June 2021 motion for leave to file a future § 2255 motion and memorandum, which the Court granted.  D.E. 87, 88, 90.  There exists no denial of § 2255 relief from which an appeal could be taken.  Given that there is no judgment to appeal, Doane's Request for Certificate of Appealability (D.E. 105) currently stands moot.  District Judge Wier accordingly denied it.  D.E. 107.

However, to create a complete record, and given Doane's recent filing concerning § 2255 relief, the Court will take Doane's June 2021 Motion (D.E. 87, 88) and subject it to preliminary review. District Judge Wier has referred the issue to the undersigned for a recommendation. D.E. 107.

Under § 2255, a federal prisoner may seek habeas relief because his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255. To prevail on a § 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

The Court observes at the outset that Doane's June 2021 filings are not signed under penalty of perjury as required by Rule 2(b)(5) of the Rules Governing Section 2255 cases. This omission alone warrants denying relief.

Concerning the merits, Doane first accuses trial counsel Edwards of violating the ABA's Rules of Professional conduct. D.E. 87 at 1. Section 2255 does not provide relief for violations of the Rules of Professional Conduct. Instead, as noted above, Doane must establish a violation of federal law. And IAC claims derive from the Constitution's Sixth-Amendment right to counsel.

To successfully assert an IAC claim, a defendant must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

5

To prove deficient performance, a defendant must show "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Strickland*, 466 U.S. at 688. But "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689 (internal quotations omitted). The Supreme Court has repeatedly

> said that counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment, and that the burden to show that counsel's performance was deficient rests squarely on the defendant. . . . It should go without saying that the absence of evidence cannot overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.

*Burt v. Titlow*, 571 U.S. 12, 22-23 (2013) (citations and quotation marks omitted).

To prove prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome," which "requires a substantial . . . likelihood of a different result," "not just [a] conceivable" one. *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. When evaluating prejudice, courts generally must consider the "totality of the evidence." *Strickland*, 466 U.S. at 695. Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id.* at 697.

To show prejudice in the sentencing context, a movant must establish that his "sentence was increased by the deficient performance of his attorney." *Spencer v. Booker*, 254 F. App'x 520, 525 (6th Cir. 2007) (citing *Glover v. United States*, 531 U.S. 198, 200 (2001)).

While discussing the ABA Rules, Doane asserts that Edwards failed to "be competent, prompt, and diligent" and failed to "maintain communication with his client concerning the representation." D.E. 87 at 2-3. Even construing this as a *Strickland* claim, Doane provides no specific facts as to how Edwards acted incompetently, untimely, or derelict. And he provides no description of any material breakdown in communication.

Doane says Edwards failed to follow the rule that a lawyer "abide by a client's decisions concerning the objectives of the representation" and consult the client concerning "the means" of meeting these objectives. D.E. 87 at 3. But Doane does not explain what Edwards allegedly did in violation of this principle. And the same goes for Doane's allegation that Edwards failed to "exercise independent professional judgment and render candid advice." *Id*.

Each of the claims described above fails on the grounds that, given the Motion's lack of specificity and factual support, (1) Doane has not established deficient performance by a preponderance of the evidence; (2) Doane has not established prejudice by a preponderance of the evidence; and (3) Doane has failed to "state the facts supporting each ground [for relief]," as required by Rule 2(b)(2) of the Rules Governing Section 2255 Cases. As they stand, these claims should be denied.

Concerning IAC, at rearraignment, District Judge Wier quizzed Doane about Mr. Edwards's performance:

> THE COURT:     [Dealing with discovery and case strategy] takes time. It takes time for the defense lawyer. It take times for the defendant. It takes time

together for the lawyer and defendant to brainstorm issues, explore questions, talk about strategy.  Have you had time to do all that?

THE DEFENDANT:   Yes, sir.

THE COURT:   Has Mr. Edwards given you adequate attention in the case?

THE DEFENDANT:   Yes, sir.

THE COURT:   Do you feel prepared for today?

THE DEFENDANT:   Yes, sir.

THE COURT:   Do you think you've adequately explored all of your options in the case?

THE DEFENDANT:   Yes, sir.

THE COURT:   All right.   Are you satisfied with the advice, counsel, and representation Mr. Edwards has given you?

THE DEFENDANT:   Yes, sir.

THE COURT:   Has he assisted you effectively?

THE DEFENDANT:   Yes, sir.

THE COURT:   Do you have any complaint about his performance?

THE DEFENDANT:   No, sir.

THE COURT:   All right. Thank you.  That doesn't surprise me.  He's a fine lawyer, certainly, Mr. Doane.  I do have to make sure that I'm not going to hear one thing today and then you're going to get down the road a period of time and have regret over your decision.  That sometimes happens, and the defendant will then circle back and make complaints about his lawyer.  Sometimes I'll hear, "My lawyer did not give me the discovery.  He would not meet with me.  He lied to me about the case.  He forced me to plead guilty.  He promised me a specific sentence."  Things of that nature.  Is there anything like that going on behind the scenes between you and Mr. Edwards?

THE DEFENDANT:   No, sir.

8

THE COURT:　　　　　Okay.　You're truthfully telling me that you have no current complaint against him?

THE DEFENDANT: Correct.

THE COURT:　　　　　And you're making the decision to plead guilty today of your own free will?

THE DEFENDANT: Yes, sir.

D.E. 82 at 19-21.

Federal Rule of Criminal Procedure 11 governs plea colloquies. The Rule is meant to ensure that the district court is satisfied that a guilty plea is made knowingly, voluntarily, and intelligently. *United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005). Rule 11 requires the Court to verify "that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *Id.* at 378-79. When the District Court "has scrupulously followed the required procedure" during a plea colloquy, "the defendant is bound by his statements in response to that court's inquiry." *Ramos v. Rogers*, 170 F.3d 560, 563 (6th Cir. 1990) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Accordingly, in cases where the court has followed Rule 11's procedural requirements, "absent extraordinary circumstances, or some explanation of why defendant did not reveal other terms, at least when specifically asked to do so by the court, *a defendant's plea agreement consists of the terms revealed in open court*." *Id*.

Regarding these extraordinary circumstances, the Supreme Court has instructed that "misunderstanding, duress, or misrepresentation by others" may render invalid a plea colloquy that otherwise appears properly conducted. *Blackledge v. Allison*, 431 U.S. 63, 75 (1977). However, a defendant's "[s]olemn declarations in open court carry a strong presumption of verity. The

subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." *Id*. at 74; *see also Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000) (finding that a conclusory statement is insufficient to raise the issue of ineffective assistance of counsel).

Under these authorities, Doane ought to be held to his statements at rearraignment—quoted above—concerning the quality of representation he received from Mr. Edwards. District Judge Wier conducted a thorough Rule 11 colloquy. And Doane's sworn statements in Court contradict the self-serving, undeveloped, and unsworn allegations in his June 2021 Motion. Doane does not even allege the existence of misunderstanding, duress, or misrepresentation by others that could call into question his sworn statements at rearraignment.

At the end of his Motion, Doane levies four specific IAC claims. First, he asserts that Edwards "failed to argue to have Count 1 (production) dropped and Defendant charged with Count 2 (receiving)." D.E. 87 at 5. Under the plea agreement, Doane pleaded guilty to Count One, with the government moving to dismiss Count Two. D.E. 26. At his rearraignment, Doane testified under oath that he had read the factual description at paragraph 3 of the plea agreement.[1] D.E. 82 at 50. He admitted those facts. He said the paragraphs "accurately describe what happened in the case," and he agreed the government could "prove all that beyond a reasonable doubt at trial." *Id*.

---

[1] The facts Doane admitted are that:

> (a) On or about May 31, 2019, in Pulaski County, in the Eastern District of Kentucky, the Defendant engaged in an online conversation with the Victim via Facebook messenger. Facebook messenger is a social media platform which uses the internet to transmit correspondence. The Victim identified herself as a 15 year old female and the Defendant responded "sweet." The Defendant then requested the Victim send a pornographic photograph "of the front, with [the Victim's] legs spread open."

> (b) Shortly thereafter, the Defendant received the photograph that he directed be produced. The photograph contained a 15 year old minor engaged in sexually explicit conduct. The Victim was nude from the waist down and the Victim's legs were spread open. The focal point of the photograph was the Victim's vagina. The Defendant acknowledged receipt of the photograph by stating, "I want that pink pussy so bad." The Defendant continued to send the Victim sexually explicit messages via his Facebook account.

D.E. 26 at 2 ¶ 3.

Given that Doane admitted these facts under oath and agreed that the government could prove them beyond a reasonable doubt at trial, Doane gives the Court no reason to think the government would accept a plea agreement that included the lesser charge in Count Two and no plea to Count One. Nor is there any ground for thinking that a motion to dismiss Count One would succeed. There is nothing in Doane's motion here aside from wishful thinking. On this question, (1) Doane has not established deficient performance by a preponderance of the evidence; (2) Doane has not established prejudice by a preponderance of the evidence; and (3) Doane has failed to "state the facts supporting each ground [for relief]," as required by Rule 2(b)(2) of the Rules Governing Section 2255 Cases.

Second, Doane says that Edwards "failed to present all possibilities for the best plea agreement. Counsel failed to present a counter offer to the prosecutor; counsel stated that they don't accept counter offers." D.E. 87 at 5. This ground is also insufficiently factually developed and conclusory for any ruling in Doane's favor. The Court is left to guess what a successful counter-offer might have looked like, and why it should conclude that the government would agree to it.

Third, Doane says Edwards failed "to present evidence to demonstrate alleged victims' past behavior available to him." D.E. 87 at 5. This is too factually undeveloped and unclear for a ruling. Doane does not explain what these behaviors were and how their introduction (presumably at sentencing?) could have affected the outcome. This claim is factually undeveloped and provides no basis for finding deficient performance or prejudice on the conviction or sentence.

Fourth, Doane posits that Edwards failed "to order a mental health evaluation after Defendant requested one." D.E. 87 at 5. It is not clear whether Doane means an evaluation for competency, sanity, or mitigation.

A defendant is competent to stand trial if he has "a rational as well as factual understanding of the proceedings against him" and "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam); *see also* 18 U.S.C. § 4241(a) (phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense").

A lawyer can perform deficiently by failing to request a competency examination, but only when "there are sufficient indicia of incompetence to give objectively reasonable counsel reason to doubt the defendant's competency." *United States v. Dubrule*, 822 F.3d 866, 881 (6th Cir. 2016) (quoting *Jermyn v. Horn,* 266 F.3d 257, 283 (3d Cir. 2001)).  To demonstrate prejudice under that theory, the petitioner must prove "a reasonable probability" that, but for counsel's failure to request a competency evaluation, the result of the proceedings would have been different.  *Id*.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome," which "requires a substantial . . . likelihood of a different result," "not just [a] conceivable" one.  *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011).

Doane presents no facts in support of the idea that a psychological evaluation would have altered any outcome in this case.  Doane was, of course, interviewed about his mental health in conjunction with the PSR.  In doing so, Doane "denied a history of significant mental health or emotional health problems."  D.E. 57 ¶ 46.  Medical records and jail records revealed only a diagnosis of anxiety and a Paxil prescription.  *Id*. ¶¶ 46-47.  No competency concerns were raised during the various Court appearances where the Court specifically asked for any.  *See, e.g.*, D.E. 82 (rearraignment transcript).  Doane provides no reason whatsoever to think that a competent lawyer would have sought a mental-health evaluation in this case.  This claim lacks adequate

factual development and presents no basis for finding deficient performance or prejudice concerning Doane's conviction and sentence.

In short, Doane's Motion (D.E. 87, 88), construed as a § 2255 petition, can be denied on initial review. It is not signed under penalty of perjury. It does not state facts in support of the claims. Read generously as a *pro se* filing, the motion falls far short of establishing deficient performance and prejudice—by a preponderance of the evidence—on any grounds raised. Accordingly, the undersigned **HEREBY RECOMMENDS** that Doane's § 2255 motion (D.E. 87, 88) be **DENIED** on the merits.

In addition, the undersigned **HEREBY RECOMMENDS** that **no Certificate of Appealability** issue. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See also* Rule 11 of the Rules Governing Section 2255 proceedings. This standard is met if the defendant can show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The Court has considered the issuance of a Certificate of Appealability as to each of Doane's claims. No reasonable jurist would find this Recommendation's assessments on the merits and procedural issues to be wrong or debatable; thus, no Certificate of Appealability should issue.

Finally, the Court **HEREBY ORDERS THAT** Doane's motion at Docket Entry 106 is **DENIED**. In this filing, Doane states he has not been able to obtain his case file from defense counsel and asks for "[a]nything the Court can do to resolve this issue." D.E. 106. The motion is too vague and legally unsupported to warrant any relief from the Court. *See* Joint Local Criminal

Rule 47.1(a) ("A motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it.").

Any objection to, or argument against, dismissal must be asserted properly and in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 30th day of June, 2026.

Signed By:

**_Hanly A. Ingram_**

**United States Magistrate Judge**