UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:19-CR-63-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | |
| REX DOANE, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

Previously, Rex Doane filed what he deemed a *pro se* motion for leave to file for relief under 28 U.S.C. § 2255. *See* DE 87. While noting that the filing was procedurally flawed, the Court construed the motion as a timely § 2255. *See* DE 90 at 1. The Court allotted Doane an extended period in which to file a corrected motion, *see id.* at 4, but he failed to do so. Years later, Doane moved for a certificate of appealability. *See* DE 105. Although the Court denied that motion as ill-timed, it referred the original motion, which had not finally been processed, to United States Magistrate Judge Hanly A. Ingram. *See* DE 107. Doane specifically challenges the purportedly ineffective assistance of his counsel based on several different grounds. *See* DE 87.

Judge Ingram, on referral, recommended that the Court deny Doane's motion. *See* DE 108 at 13–14. In particular, Judge Ingram noted that the motion "is not signed under penalty of perjury," "does not state facts in support of the claims," and "falls far short of establishing deficient performance and prejudice—by a preponderance of the evidence—on any grounds raised." *Id.* at 13. Judge Ingram fully scrutinized the motion procedurally and under the proper *Strickland* rubric. *See id.* at 5–12. He further recommended the denial of a certificate of appealability. *See id.* at 13. Judge Ingram expressly informed Doane of his right to object to the recommendation within

fourteen days.  *See id.* at 14.  He warned Doane that a failure to properly and timely object would cause him to lose his right to further appeal or review.  *See id.*

In considering a magistrate judge's recommendation, the Court must review *de novo* the "portions of the report or specified proposed findings" to which any party objects.  28 U.S.C. § 636(b)(1).  But the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise [an] argument in his objections to the magistrate[ judge]'s report and recommendation . . . [he] has [forfeited] his right to raise this issue on appeal'" (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))).

The Court has considered the Recommended Disposition, as well as the entire record and relevant authority, and agrees with Judge Ingram's careful analysis and conclusions.  Accordingly, the Court ADOPTS Judge Ingram's Recommended Disposition, *see* DE 108, and DENIES Doane's § 2255 motion, *see* DE 87.  Further, no COA should issue.  As Judge Ingram noted, Doane does not meet the substantial showing requirement as a procedural or substantive matter.  *See* DE 108 at 13.  Nor has he shown that "jurists of reason could disagree with the . . . resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1034 (2003) (citing *Slack v. McDaniel*, 120 S. Ct. 1595, 1603–04 (2000)).  Of course, Doane did not demur on the COA recommendation either, and Judge Ingram faithfully applied the apt standards

This the 24th day of July, 2026.



Signed By:
Robert E. Wier
United States District Judge

2